■ In the Matter of the Claim of STEPHEN HUTNIKOFF, Respondent, against KNESE MARINE SERVICE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board which made an award to the claimant for 100% loss of his right eye and for facial disfigurement. The claimant testified that on June 13, 1955 while scraping paint, a chip of paint hit his right eye and that on the following day while walking toward his work bench he had the sensation of something again hitting his right eye. On June 16 he consulted Drs. Di Maio and Wenger who found a detached retina in his right eye and they performed an operation. The retina redetached, a second operation was performed without success and thereafter there was a divergence in the eye. Dr. Wenger testified that there was a causal relationship between the incident described by the claimant and the detachment. The Referee found that there was insufficient evidence to establish an industrial accident but on review the board reversed, finding that an industrial accident had occurred and on June 15, 1956 sent the case back for consideration of disability and an award. It was established that there was a 100% loss of vision in the right eye and the appellants then raised the question of a pre-existing loss of vision. On May 29, 1957 Dr. Di Maio testified that he had seen the claimant in 1953 at which time his vision was 20/20 although he did not have his office records for that visit with him. An adjournment was granted to produce the records and after much delay Dr. Di Maio finally appeared with his records on December 18, 1957 but no examination of him was permitted because the Referee had received a directive from the board to make an award. An award was made and affirmed by the board which held that the carrier had had ample opportunity to produce its evidence. The board was presented with a conflict in medical testimony on the question of causal relationship between the

loss of sight and the incident described by the claimant and its decision is supported by substantial evidence. Further, the board was justified in our view in ending the delay by ordering that an award be made. The appellants had ample opportunity to produce any evidence indicating a prior loss of vision. Not only did they fail to produce any such evidence but all the evidence in the record indicates that there was no pre-existing loss of vision. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.